IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 08-70
)
EDWARD HARRIS )

## MEMORANDUM AND ORDER OF COURT

On September 8, 2009, defendant pled guilty to a one-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) and 924(e). On March 17, 2010, defendant was sentenced to a term of 80 months imprisonment to be followed by a 5-year term of supervised release. On December 5, 2013, defendant was released from incarceration and his term of supervised release began on that date.

On February 11, 2016, defendant filed a Motion for Early Termination of Supervised Release (Document No. 91), which is presently before the court. After considering defendant's motion, the government's response in opposition thereto (Document No. 93), and the factors set forth in 18 U.S.C. §3553(a), the court concludes that early termination of supervised release is not warranted in this case, and defendant's motion will be denied.

Pursuant to 18 U.S.C. §3583(e)(1), the court may, after considering the factors set forth in §3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice. In making this determination, the statute directs the court to consider many of the same factors that it previously considered in imposing the initial sentence

including: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. §3553(a)(1); the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, 18 U.S.C. §§3553(a)(2)(B) and (C); the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. §3553(a)(2)(D); the sentencing range applicable to the defendant under the advisory Sentencing Guidelines along with any pertinent policy statement by the United States Sentencing Commission, 18 U.S.C. §§3553(a)(4) and (5); the need to avoid unwarranted sentence disparities among similarly situated defendants, 18 U.S.C. §3553(a)(6); and the need to provide restitution to any victims, 18 U.S.C. §3553(a)(7).

After considering these factors at sentencing, the court imposed a 5-year term of supervised release. Defendant primarily contends in his motion requesting early termination of supervision that he has been compliant with the terms of supervised release and he has made great strides in becoming a productive member of society.[1] These reasons advanced by defendant do not change the court's determination that the full 5-year period of supervised release is appropriate.

Although it is commendable that defendant generally has complied with the conditions of supervision that the court imposed and that he has made efforts to better himself while in prison and on supervision, these factors alone are not enough for the court to find that early termination of supervised release is warranted by defendant's conduct and in the interest of justice as required

---

[1] Defendant also notes in his motion that he has developed health problems since his release from prison and suffers from Hepatitis C, glaucoma, arthritis and is a borderline diabetic. However, defendant does not allege that any of the supervised release conditions interfere with, or complicate, the treatment he receives for his health conditions.

AO 72
(Rev. 8/82)

by 18 U.S.C. §3583(e)(1). Section 3583 does not provide for early termination solely based on defendant's compliance with the terms of supervised release. The Third Circuit has instructed that "early termination of supervised release . . . should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." United States v. Laine, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010). As explained in Laine, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." Id. at 574. Here, defendant's compliance with the terms of supervised release is neither exceptional nor extraordinary because that is what is required and expected of all defendants.

In sum, after considering the factors required by 18 U.S.C. §3583(e), the court is not satisfied that early termination of supervised release is warranted by defendant's conduct and the interest of justice. Rather, the court finds that continued supervision is appropriate in accordance with the 5-year term of supervised release originally imposed.

An appropriate order will follow.

## ORDER OF COURT

AND NOW, this _29th_ day of February, 2016, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant's Motion for Early Termination of Supervised Release (Document No. 91) be, and the same hereby is, **denied.**

_Gustave Diamond_
Gustave Diamond
United States District Judge

3

cc: Craig W. Haller
Assistant U.S. Attorney

John A. Knorr, Esq.
Dickie, McCamey & Chilcote, P.C.
Two PPG Place
Suite 400
Pittsburgh, PA 15222

United States Probation

✎AO 72
(Rev. 8/82)